GILBERT CHAMBERS, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF NEW JERSEY, FRANK J. PIETRUCHA AND LOUIS R. FREUND, JUDGE OF THE SECOND JUDICIAL DISTRICT COURT OF NEWARK, DEFENDANTS.

Submitted January 20, 1942—Decided February 4, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Charles E. McCraith, Jr.*

For the Civil Service Commission, *David T. Wilentz* and *Harry A. Walsh.*

BODINE, J. On March 30th, 1936, a vacancy occurred in the position of assistant clerk, Second District Court, Newark. The judge of that court appointed Samuel Voltaggio to fill the position temporarily. After much delay and in October, 1940, an open competitive examination was held to fill the post. The result was announced May 21st, 1941, and Gilbert Chambers was high man. He is a veteran of the World War and has certain rights enumerated in *N. J. S. A.* 11:27-4. On May 29th, 1941, his name was certified to the court for appointment. He was willing to serve. Before the certification, and on May 27th, 1941, the Board minutes show the following action taken: "Judge Freund has requested approval of the promotion of Frank J. Pietrucha, Assistant Clerk, Division of Small Claims, to the position of Assistant Clerk at $2,000 per annum, effective June 2d, 1941, he being

the only male employee in the Second District Court eligible for promotion. It was Voted that the request be approved under Rule 24 without further examination."

The problem is, when shall a position be filled by competitive tests and when by advancement from the next lower grade? This seems to be a matter vested in the sound discretion of the Civil Service Commission within the four corners of the act. Because the competitive test was held is no reason to preclude a promotion if in the best interest of the service. There was a direct saving of $500 a year. The advancement in the service secured a man who in fact had observed the procedure of the court for a number of years. There is nothing in the record to indicate the slightest abuse of discretion.

Pietrucha's promotion was an earned promotion made from a lower rank, *Albert* v. *Caldwell,* 127 *N. J. L.* 203; and since his appointment was not an original appointment based on competitive examinations, *N. J. S. A.* 11:27-4, *et seq.* (relating to prosecutor's status as a veteran) is without application.

The writ will be dismissed, but without costs.